NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CECIL R. HAWKINS and CAROL L. HAWKINS,<br><br>            Petitioners - Appellants,<br><br>   v.<br><br>COMMISSIONER OF INTERNAL REVENUE,<br><br>            Respondent - Appellee. | No. 07-74384<br><br>CIR No. 22833-5<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Commissioner of Internal Revenue

Submitted May 13, 2010[**]
San Francisco, California

Before: HUG, BEEZER and HALL, Circuit Judges.

       Petitioners-appellants Cecil R. Hawkins and Carol L. Hawkins (collectively

"the Hawkinses") appeal from a final judgment by the tax court concluding that

they owe $3,883 in deficient federal income taxes.  This tax deficiency stems from

---

       [*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

       [**]       The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

a settlement recovery by Carol in 2003 in the amount of $25,000 from her employer. On appeal, the Hawkinses argue that the tax court erred because the recovered damages should not have been included in gross income pursuant to the physical injury exclusion in 26 U.S.C. § 104(a)(2). We have jurisdiction over this matter pursuant to 26 U.S.C. § 7482(a)(1), and we affirm.

The facts of this case are known to the parties. We do not repeat them.

We review a tax court's factual finding for clear error and its conclusions of law de novo. *Baizer v. Commissioner*, 204 F.3d 1231, 1233–34 (9th Cir. 2000).

For the purpose of federal income taxes, 26 U.S.C. § 61(a) provides that "[e]xcept as otherwise provided in this subtitle, gross income means all income from whatever source derived." This broad definition of gross income includes "all gains except those specifically exempted." *Commissioner v. Glenshaw Glass Co.*, 348 U.S. 426, 460 (1955).

One exception is provided by 26 U.S.C. § 104(a)(2), which excludes from gross income "the amount of any damages (other than punitive damages) received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal physical injuries or physical sickness." For this exclusion, "emotional distress shall not be treated as a physical injury or physical sickness. The preceding sentence shall not apply to an amount of damages not in excess of

the amount paid for medical care . . . attributable to emotional distress." 26 U.S.C. § 104(a) (flush language). The Section 104(a)(2) exclusion is construed narrowly. *See Commissioner v. Schleier*, 515 U.S. 323, 328 (1995).

Here, the tax court properly concluded that the $25,000 settlement was part of the Hawkinses' gross income and did not qualify for the Section 104(a)(2) exclusion. Carol did not seek damages stemming from "personal physical injuries or physical sickness." 26 U.S.C. § 104(a)(2). Neither Carol's complaint nor the settlement agreement mentions any personal physical injuries or sicknesses. The Hawkinses also failed to provide any documentation showing that they "paid for medical care . . . attributable to emotional distress." 26 U.S.C. § 104(a) (flush language).

The Hawkinses' remaining contentions are either moot or without merit.

**AFFIRMED.**